UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUDY MILLER, | ) |
| Plaintiff, | ) Case No. CV 06-05156 AJW |
| v. | ) MEMORANDUM OF DECISION |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Background**

The parties are familiar with the procedural history of this case, which is summarized in the Joint Stipulation. [See JS 2-3]. In a written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found plaintiff not disabled on the ground that she retained the residual functional capacity ("RFC") to perform work available in significant numbers in the national economy. [See JS 2; Administrative Record ("AR") 27-28].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Application of the grids**

Plaintiff contends that she is disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "grids"), and that the ALJ erroneously concluded otherwise.

Plaintiff was born on April 23, 1948, and she was 55 years old on her alleged date of onset of disability on October 30, 2003, making her a person of "advanced age" under the Commissioner's regulations. [AR 42]. See 20 C.F.R. §§ 404.1563(e), 416.963(e). The Commissioner has concluded that being of advanced age "significantly affects a person's ability to adjust to other work." 20 C.F.R. §§ 404.1563(e), 416.963(e). Accordingly, the Commissioner will find that a claimant of advanced age who is limited to light work or less, such as plaintiff, cannot make an adjustment to other work unless she has skills from past work that are transferable "to other skilled or semiskilled work" or "recently [has] completed education which provides for direct entry into skilled work . . . ." 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4); see also Terry v. Sullivan, 903 F.2d 1272, 1275-1276 (9th Cir. 1990)("[I]t is not enough that persons of advanced age are capable of doing unskilled work; to be not disabled, they must have acquired skills from their past work that are transferable to skilled or semiskilled work.").

2

The grids reflect the Commissioner's conclusion that advanced age negatively impacts the ability to adjust to alternative work. A claimant of advanced age who is limited to light work, unable to perform her past relevant work, and has "only skills that are not readily transferable to a significant range of semi-skilled or skilled work within the individual's functional capacity" must be found disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c). Conversely, "[t]he presence of acquired skills that are readily transferable to a significant range of semi-skilled or skilled work within an individual's residual functional capacity would ordinarily warrant a finding of not disabled regardless of the adversity of age, or whether the individual's formal education is commensurate with his or her demonstrated skill level." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(e).

The ALJ found that plaintiff had both severe exertional and non-exertional limitations that restricted her to a narrowed range of light work.[1] The ALJ concluded that plaintiff's significant non-exertional limitations precluded him from relying on the grid rules to direct a finding of disability or non-disability. [AR 28-29]. The ALJ elicited testimony from a vocational expert, who opined that plaintiff had skills transferable from her light, skilled past relevant work as an electronic assembler to the light, semi-skilled job of electronic inspector. [AR 27, 50-52]. Relying on the vocational expert's testimony and using Rule 202.05 of the grids as "a framework for decision-making," the ALJ concluded that plaintiff was not disabled because she could perform work available in significant numbers in the national economy. [AR 28-29].

When a claimant has solely exertional (strength) limitations, the ALJ must apply the grids, which will direct a finding of disabled or not disabled. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(a); Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir.1989). When a claimant suffers solely non-exertional (non-strength) limitations, "the grids do not resolve the disability question" and the ALJ must rely on other evidence, typically the testimony of a vocational expert, to support a finding of nondisability. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(e)(1); Lounsburry, 468 F.3d at 1115; Cooper, 880 F.2d at 1155. Where, as here, a claimant suffers

---

[1] The ALJ found that plaintiff retained the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for 6 hours total in an 8-hour work day, sit for 8 hours, occasionally push and pull with her left upper extremity, occasionally reach overhead with either upper extremity, and was precluded from "power gripping" with either hand and from frequent head movement. [AR 24].

from severe exertional limitations and severe non-exertional limitations that restrict the range of work the claimant can perform at a given exertional capacity, the ALJ must first inquire whether the claimant is disabled under the grid rules based on exertional limitations alone, regardless of additional non-exertional limitations. If a grid rule dictates a finding of disability based on the claimant's exertional limitations alone, there is no need to consider non-exertional limitations, and benefits must be awarded. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(e)(2); Lounsburry, 468 F.3d at 1115-1116; Cooper, 880 F.2d at 1155. The ALJ "may not look to other evidence," such as a vocational expert's testimony, to rebut, supplant, or override a finding of disability directed by the grids based solely on a claimant's exertional limitations. Lounsburry, 468 F.3d at 1116. If, however, a claimant's exertional impairments are not "enough, by themselves, to warrant a finding of disabled," the ALJ must look to other evidence, such as a vocational expert's testimony, to conclude that the claimant is not disabled, using the grid rules as a "framework" for that decision. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(e)(2); Lounsburry, 468 F. 3d at 1116. Thus, where a claimant has a combination of severe exertional and non-exertional limitations, the grids must be consulted first and may direct a finding of disability based on the exertional limitations alone. However, the grids may not be used to direct a conclusion of nondisability for persons whose exertional capacity is reduced by severe non-exertional impairments because the grids do not automatically establish the existence of jobs for such persons. See Lounsburry, 468 F.3d at 1116.

      The ALJ identified Rule 202.05 as the applicable grid rule, and he concluded that Rule 202.05 does not direct a finding of disability in this case. Rule 202.05 directs a finding of "not disabled" when a claimant is of advanced age, is at least a high school graduate whose education "provides for direct entry into skilled work," and has a history of unskilled work or no work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.05. The ALJ found that plaintiff had a high-school education [AR 23], but he made no finding that plaintiff's education provided for direct entry into alternative skilled work, nor did the vocational expert so testify. Rather, the vocational expert testified, and the ALJ explicitly found, that plaintiff had a skilled past work history and skills that were transferable from her past work. [AR 28-29, 51-52]. Accordingly, the applicable grid rule is Rule 202.07, which directs a finding of not disabled when a claimant is of advanced age, is at least a high school graduate, and has skills transferable from past skilled or semi-skilled work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.07.

4

Rule 202.07 incorporates a footnote that cites Rule 202.00(c) of the grids, which states:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work . . . [and] who have only skills that are not readily transferable to a *significant range of semi-skilled or skilled work* that is within the individual's functional capacity, . . . the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.

In Lounsburry, the Ninth Circuit held that the ALJ failed properly to interpret and apply Rule 202.07 with respect to a claimant who, like plaintiff, was of advanced age, had at least a high school education, transferable skills, and an RFC for less than the full range of light work due to a combination of severe exertional and non-exertional limitations. Lounsburry, 468 F.3d at 1113 & n.1, 1115 n.2. Because the claimant had both exertional and non-exertional limitations, the ALJ in Lounsburry obtained vocational expert testimony and consulted the grids solely as a framework for decision-making. He concluded that Rule 202.07, along with the vocational expert's testimony, supported the determination that the claimant could adjust to alternative work that existed in significant numbers in the national economy. See Lounsburry, 468 F.3d at 1115-1116.

The Ninth Circuit held that the ALJ in Lounsburry misconstrued Rule 202.07 and therefore failed to recognize that the grids dictated a finding of disability on the basis of the claimant's exertional limitations alone. More specifically, the ALJ failed "to consider fully the effect of Rule 202.00(c). Footnote (2) to Rule 202.07 explicitly incorporates language from Rule 202.00(c) that expands the circumstances under which claimants with transferable skills can be found disabled." Lounsburry, 468 F.3d at 1117. "Under Rule 202.00(c), although [the claimant] has some transferable skills, she will disabled if those skills 'are not readily transferable to a significant range of semi-skilled or skilled work.'" Lounsburry, 468 F.3d at 1117. The Ninth Circuit rejected the contention that the term "work" in Rule 202.00(c) refers to individual jobs, and that the phrase "significant range" requires only that the claimant be able to adjust to other work existing in significant numbers in the national economy in one or more occupations. Instead, the court construed the phrase "significant range of work" in Rule 202.00(c) to require a significant number of distinct

*occupations*. Lounsburry, 468 F.3d at 1117. It held that the claimant was disabled under Rules 202.07 and 202.00 because the record established that her skills were transferable to "precisely one occupation at her residual functional capacity," and one occupation is not "a significant range of work." Lounsburry, 468 F.3d at 1113, 1117.[2]  Lounsburry controls this case.  Plaintiff's exertional limitations alone restricted her to no more than light work. The vocational expert testified, and the ALJ found, that plaintiff had skills that were transferable to a single *occupation*, that of electronic inspector.  Rules 202.07 and 202.00(c) apply, and those rules require a finding of disability where the claimant is of advanced age, has a high school education or more, and has exertional limitations restricting her to no more than light work, unless she has skills transferable to a significant range of work.  Plaintiff does not have skills transferable to a significant range of work.  Rules 202.07 and 202.00(c) direct a conclusion of disability as a matter of law and a corresponding award of benefits. See Lounsburry, 468 F.3d at 1117-1118.

## Conclusion

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards.  Accordingly, the Commissioner's decision is **reversed**, and this case is **remanded** to the Commissioner for an award of benefits.

**IT IS SO ORDERED.**

DATED: February 12, 2008

/ s /
_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[2]  Plaintiff raised and thoroughly briefed the issue of the ALJ's misapplication of Rule 202.00(c) under Lounsburry; however, she did so in the context of applying Rule 202.05, the rule the ALJ erroneously cited as controlling, rather than Rule 202.07.  Both of those rules incorporate the same footnote citing Rule 202.00(c).  Plaintiff's mistaken citation to Rule 202.05 does not amount to a waiver or detract materially from the persuasiveness of her contentions.  Plaintiff's analysis indicates that she assumed, albeit erroneously, that Rule 202.05 applies to a person age 55 or over with a high school education and "a work background that allows for skills to transfer," and she also focused on the controlling issue under 202.07 and 202.00(c), whether plaintiff had skills transferable to a significant range of work.  [JS 7].  Thus, her contentions were correct as a substantive matter even though she incorrectly identified the applicable grid rule.